82 Hun, 232; Western v. Stoddard, 137 N. Y. 119; Ellerson v. Westcott, 88 Hun, 389.

It may be that the complaint is rather brief and lacking in some respects in detail, but I think it states a cause of action, and proof can properly be introduced under the allegations thereof sufficient to show that Patrick Dunn had a personal interest in said mortgage. The causes of action sought to be alleged are sufficiently stated and can and should be disposed of and determined in one action.

I have come to the conclusion, therefore, that the complaint alleges facts sufficient which, if proven, would entitle plaintiff to a partition of the property described therein and also entitle him to a determination as to the extent of the interests of the respective parties in such real estate and to obtain a determination of any conflicting claims as to a cloud, actual or apparent, upon the title thereto. The demurrer is overruled, with leave to the defendants to plead by answer upon payment of costs.

Demurrer overruled, with leave to defendants to plead by answer upon payment of costs.

---

MARY A. JONES, Plaintiff, v. THEODORE GORDON and LESTER BISHOP, Individually and as Peacemakers of the Cattaraugus Reservation, and PERCIVAL NEPHEW, Defendants.

(Supreme Court, Erie Special Term, July, 1906.)

Constitutional law — Provisions relating to courts — Creation of courts — Indian courts.
Indians — Courts — Jurisdiction.
Injunction — Who and what may be enjoined — Actions and proceedings — Power of Supreme Court — Enjoining Indian court.

The Peacemakers' Court of the Cattaraugus Indian Reservation having, under section 47 of the Indian Law (L. 1892, ch. 679), "exclusive jurisdiction * * * to hear and determine all questions and actions between individual Indians residing thereon

20

involving the title to real estate on such reservations," and section 51 of said law providing for an appeal to the council of the Seneca Nation and making its decision conclusive upon the parties, the Supreme Court has not jurisdiction to restrain the Peacemakers from carrying into effect a judgment of their court in favor of defendant declaring him to be the owner of certain real estate on such reservation nor jurisdiction to declare the deed from plaintiff to defendant fraudulent and void.

ACTION brought in the Supreme Court to determine title to certain lands on the Cattaraugus Indian Reservation, and for an injunction. The opinion states the case.

Le Roy Andrus, for plaintiff.

Congdon & Congdon, for defendant.

MARCUS, J. The parties to this action are Seneca Indians residing on the Cattaraugus Indian Reservation. The title to certain lands on the Cattaraugus Indian Reservation is claimed both by the plaintiff and by the defendant Percival Nephew. Nephew holds a deed of the premises in dispute made by one John Jackett, dated April 22, 1898, which the plaintiff claims is a forgery.

The question of the title to these lands was tried in 1902 in the Peacemakers' Court of the Cattaraugus Indian Reservation in an action brought by Nephew, the defendant, against the plaintiff. A judgment was entered therein in favor of Nephew declaring him to be the owner of the land in question.

It is claimed on the part of the plaintiff that this judgment was reversed by the council of the Seneca Nation on appeal, with a direction that the same be retried before the Peacemakers' Court, but such a trial has never taken place. It is the claim of the defendant Nephew that no appeal was ever taken from said judgment in his favor in the Peacemakers' Court and, therefore, that that judgment is now in full force and effect and, further, that any action taken by the council, or any resolution passed by it, is without authority and, therefore, void.

It will be seen that the peacemakers composing the Peace-

makers' Court of the Cattaraugus Reservation, as well as
Nephew, are the defendants in this action, against whom the
plaintiff asks a permanent injunction, restraining the peace-
makers from carrying into effect their judgment; and, fur-.
ther, that the deed from Jackett to Nephew be declared
fraudulent and void.

It is thus apparent that the object of this action is
solely for the purpose of trying the title of this land be-
tween the plaintiff and the defendant Nephew in the Su-
preme Court, and to deprive the Peacemakers' Court from
hearing and determining any questions involving such title
between these parties. The question of the validity of this
deed has once been tried in the Peacemakers' Court; and
there appears to be a variance between the descriptions in
said deed, it being apparent that the last description was
written at a different time and with different ink than the
first description, though it is not conceded by the defendant
that they are not both in the same handwriting.

It seems to me that all these issues at the proper time and
in the proper court could be tried and determined. While
this motion might well be vacated on the ground that no
undertaking as required by law was given at the time, I
prefer to dispose of this question upon the ground that the
Supreme Court has no jurisdiction of the subject-matter of
this action.

The Indian Law, section 47, provides as follows: "A
peacemakers' court of the Allegany or Cattaraugus reser-.
vation shall have also *exclusive jurisdiction* * * * to hear
and determine all questions and actions between individual
Indians residing thereon *involving* the title to real estate on
such reservations."

It is further provided by section 51: "Within twenty
days after the decision of a peacemakers' court of the Seneca
nation, an appeal may be taken to the council of such na-
tion, by serving upon the adverse party and upon the peace-
makers before the action or proceeding was heard a notice
of such appeal. The peacemakers shall certify the evidence
taken before them to the council. The appeal shall be heard
by at least a quorum of the council, and shall be decided

upon the evidence taken in the peacemakers' court, and such additional evidence as the council may determine to hear. Upon the hearing any party shall have the right to appear either in person or by counsel and argue the merits of the case. *The decision of the council shall be conclusive.*"

Here the plaintiff alleges that she is the owner of the land on the Cattaraugus Indian Reservation which is in dispute and that the deed which the defendant Nephew had of these lands is fraudulent and void. These allegations being denied at the very outset, it would seem that the question of title must be determined and tried by the Peacemakers' Court between these individual Indians. The plaintiff asks for an injunction permanently restraining the Peacemakers' Court from executing a judgment in that court in favor of this defendant Nephew and against the plaintiff which it is alleged was duly reversed by the council of the Seneca Nation of Indians on an appeal taken from such judgment.

The question as to whether the judgment of the Peacemakers' Court is now valid, or whether it was duly appealed from and reversed by the council, seems to have lately been tried before the Peacemakers' Court in a proceeding brought for that purpose and the decision of that court was in favor of the defendant Nephew.

At all events, this is a " question between individual Indians residing on the Cattaraugus Reservation involving the title to real estate on such Reservation."

Undoubtedly the plaintiff in this action had the right to appeal to the council from its decision on that question; but when the Supreme Court is asked to take away from the Peacemakers' Court the jurisdiction expressly conferred upon it by section 47 of the Indian Law to determine the title between individual Indians of a portion of the Indian Reservation and to take away from the council its jurisdiction on this question of appeal which the statute gives it, it would make the Indian Law, in so far as the jurisdiction of those courts is concerned, meaningless.

I, therefore, conclude that this court is without jurisdiction to grant the relief which the plaintiff desires, and the injunction is, therefore, vacated.