(82 Misc. Rep. 48.)

### SILVERHEELS v. MAYBEE et al.

(Supreme Court, Equity Term, Cattaraugus County. August, 1913.)

1. INDIANS (§ 32*)—PROPERTY—OWNERSHIP—VALIDITY OF STATUTES.

　　Jurisdiction over Indians and their property, which is vested in Congress and in the United States courts, does not invalidate the provisions of the Indian Law (Consol. Laws, 1909, c. 26; Laws 1909, c. 31, § 46) purporting to regulate the ownership of property by Indians and to create and provide courts for the trial of controversies between them.

　　[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 4, 52, 53, 57, 58; Dec. Dig. § 32.*]

2. INDIANS (§ 32*)—JUDGMENT OF PEACEMAKERS' COURT—ENFORCEMENT—DEFENSE IN BAR.

　　A suit in equity under Indian Law (Consol. Laws 1909, c. 26) § 52, to enforce a judgment of the Peacemakers' Court of the Allegany Reservation of the Seneca Nation of Indians is not barred by a judgment of the council of such nation, rendered long prior to the commencement of the action in the Peacemakers' Court, and invalid because based on the report of referees appointed by such council without statutory authority.

　　[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 4, 52, 53, 57, 58; Dec. Dig. § 32.*]

3. INDIANS (§ 27*)—JUDGMENT OF PEACEMAKERS' COURT—ENFORCEMENT—PROOF OF JUDGMENT.

　　In a suit in equity under Indian Law (Consol. Laws 1909, c. 26) § 52, to enforce a judgment rendered by the Peacemakers' Court of the Allegany Reservation of the Seneca Nation of Indians, proof of the judgment of the Peacemakers' Court by parol, and by the subsequent judgment on a remittitur, was sufficient, where it appeared that the original record of the judgment had been lost.

　　[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 19, 20; Dec. Dig. § 27.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. JUDGMENT (§ 713\*)—RES JUDICATA..**

A release given by plaintiff was no bar to a suit in equity under Indian Law (Consol. Laws 1909, c. 26) § 52, to enforce a judgment of the Peacemakers' Court of the Allegany Reservation of the Seneca Nation of Indians, where the validity and effect of the release could and should have been litigated in the action in the Peacemakers' Court.

[Ed. ·Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. § 713.\*]

Action in equity by Joel Silverheels against Hattie Maybee and others, to enforce a judgment rendered by the Peacemakers' Court of the Allegany Reservation of the Seneca Nation of Indians. Judgment for plaintiff.

J. M. Seymour, of Salamanca, for plaintiff..

E. D. Northrup, of Ellicottville, for defendants Maybee and Bomberry.

LAUGHLIN, J. This is a suit in equity founded on section 52 of the Indian Law (Consol. Laws, c. 26), to enforce a judgment rendered by the Peacemakers' Court of the Allegany Reservation of the Seneca Nation of Indians on the 18th day of March, 1895, in an action duly instituted in said court by the plaintiff herein against Emeline Jimeson, the predecessor in title of the defendants to the lands to which the judgment relates. Both parties to the action in the Peacemakers' Court were Seneca Indians, and they resided on the Allegany Indian reservation in the county of Cattaraugus. The parties to this action are likewise all Seneca Indians, and the defendant Tallchief resides on the Cattaraugus reservation, while the other defendants reside on the other reservation.

The action which the plaintiff brought in the Peacemakers' Court was to recover the possession of a tract of land consisting of about 32 acres, embraced in the Allegany reservation in Cattaraugus county, and title and possession thereto were awarded to the plaintiff by the said court. The defendant in that action duly appealed from the judgment of the Peacemakers' Court to the council of the Seneca Nation of Indians, and the appeal was duly heard and was thereafter decided by said council on the 6th day of April, 1907, and resulted in an affirmance of the judgment of the Peacemakers' Court. A remittitur from the council of the Seneca Nation of Indians embodying its decision on the appeal was thereafter duly filed with the Peacemakers' Court, and an order making the judgment of the council of the Seneca Nation of Indians the judgment of the Peacemakers' Court was thereupon duly made and recorded in the book of records of the Peacemakers' Court, and it was therein directed, ordered, and adjudged that the defendant in that action surrender the possession of said premises to the plaintiff therein within 20 days. The defendant in that action never surrendered possession to the plaintiff, and she died on or about the 27th day of May, 1907, while in possession thereof, leaving her surviving a daughter, the defendant Hattie Maybee, in possession thereof. The order of the Peacemakers' Court, which required the defendant in the action in that court to surrender possession of the premises to

the plaintiff therein within 20 days, was served on the defendant Hattie Maybee on or about the 19th day of October, 1907, and possession of the premises was duly demanded of her. She declined to surrender possession, and has ever since remained in possession, and has executed certain conveyances of different parts of the premises to the other defendants. A writ of assistance was duly issued by the Peacemakers' Court under date of December 31, 1907, to the marshal of the reservation for the county of Cattaraugus, requiring him to deliver possession of the premises to the plaintiff, and he attempted to execute the writ, but was resisted by the defendant Hattie Maybee, who was then in possession, and he did not succeed in executing the writ, and he and his successors have ever since failed to execute the same, although repeatedly requested so to do.

[1] The learned counsel for the defendants who have appeared in the action interposed various objections to the maintenance of the action. They related to the jurisdiction of the court, to the construction of the statute under which the action is brought, and to the effect of the adjudication and records of the Peacemakers' Court. The principal contention made by the counsel for the defendants is that jurisdiction over Indians and their property is vested exclusively in the Congress of the United States and in the United States courts, and that therefore the provisions of the Indian Law enacted by the Legislature of the state of New York, purporting to regulate the ownership of property by Indians and to create and provide courts for the trial of controversies between them, are unconstitutional and void, and that section 52 of the Indian Law, under which this action was brought, only authorizes actions to enforce orders, directions, and judgments of the Peacemakers' Court for the payment of money.

The Legislature of this state long ago assumed to create and confer authority upon Peacemakers' Courts for the Allegany, Cattaraugus, and Tonawanda reservations, and to authorize the prosecution and enforcement in the state courts of demands and rights of action concerning which jurisdiction was not conferred upon the Peacemakers' Court. Laws 1847, c. 365, § 8; Laws 1859, c. 374; Laws 1863, c. 90, § 7; Laws 1892, c. 679, § 47; Laws 1893, c. 229; Indian Law (Consol. Laws, c. 26; Laws 1909, c. 31, § 46); Laws 1845, c. 150; Laws 1813, R. L. c. 92, § 2; Laws 1847, c. 365, § 14; Laws 1863, c. 90, § 13; Laws 1892, c. 679, § 5; Indian Law (Consol. Laws 1909, c. 26), § 5. The Legislature has also by chapter 252 of the Laws of 1900 assumed to ratify and confirm an amended constitution for the Seneca Nation of Indians, prescribing a form of government substantially in accordance with the statutory form of government theretofore prescribed by the former Indian Law (Laws 1892, c. 679, as amended), made and adopted by conventions of said Indians held on the 15th day of November, 1898.

The interesting and learned arguments presented by counsel for the defendants in support of his contentions that the provisions of the Indian Law in question are unconstitutional and void, that the court is without jurisdiction, and that the Legislature has only authorized the enforcement in the state courts of orders, directions, and judg-

ments for the recovery of money, would merit an opinion if there were no precedents controlling upon the trial court; but it appears that all of those questions have been authoritatively decided adversely to the defendants. See Jimeson v. Pierce, 78 App. Div. 9, 10, 79 N. Y. Supp. 3; Id., 102 App. Div. 618, 92 N. Y. Supp. 331; Hatch v. Luckman, 155 App. Div. 765, 118 N. Y. Supp. 689, 140 N. Y. Supp. 1123; Peters v. Tallchief, 121 App. Div. 309, 106 N. Y. Supp. 64; Matter of Printup, 121 App. Div. 322, 106 N. Y. Supp. 74. See, also, Jones v. Gordon, 51 Misc. Rep. 305, 99 N. Y. Supp. 958; Terrance v. Crowley, 62 Misc. Rep. 138, 116 N. Y. Supp. 417; People ex rel. Cusick v. Daly, 78 Misc. Rep. 657, 138 N. Y. Supp. 817, affirmed in 158 App. Div. 892, 143 N. Y. Supp. 1137.

By the express provisions of section 46 of the Indian Law, Peacemakers' Courts of the Allegany and Cattaraugus Reservations are given "exclusive jurisdiction * * * to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such reservation"; and by said section Peacemakers' Courts on either of said reservations are given jurisdiction in such cases where either of the parties to the controversy resides on the Allegany reservation and either of the other parties thereto resides on the Cattaraugus reservation. By section 47 of the Indian Law the Peacemakers' Court on each reservation is required to cause an entry to be made in a record book "of all matters heard and determined by them" as a court, stating the names of the parties to the action or proceeding, a brief statement of the subject thereof and their findings, and the date of their decision and the time within which it is to be complied with. Section 50 of the Indian Law authorizes an appeal from the decision of the Peacemakers' Court to the council of the Nation and provides that "The decision of the council shall be conclusive." Said section 52 of the Indian Law is as follows:

"If any party shall fail to comply with, or fulfill the directions or finding of the peacemakers in any matter heard or determined by them in pursuance of law, within the time fixed by such determination, the party in whose favor such determination may be, shall be entitled to recover the amount awarded to him, by such determination with costs, in an action in justice's court before any justice of the peace of the county in which such reservation or a part thereof is situated, in which action, a copy of the record of such determination, certified to by said clerk, shall be conclusive evidence of the right of recovery, and of the amount of such recovery, and executions shall be awarded to enforce the collection of the judgment obtained thereon in the same manner and with the like effect as against white persons, and the property and person of the defendant in such action shall be liable to seizure and sale or imprisonment, as in like cases against white persons. In case the action or proceeding is one not within the jurisdiction of justice's courts, the application may be made to a court having jurisdiction of actions of the same nature."

The last sentence of this section was added as an amendment to section 53 of the former Indian Law (Laws 1892, c. 679) by chapter 253 of the Laws of 1900.

In Jimeson v. Pierce, supra, it was held that said last amendment to the Indian Law relates to remedies, and authorizes the enforcement of judgments of the Peacemakers' Courts theretofore rendered, as

well as those rendered subsequently, and authorized a court of equity
to confirm and enforce a judgment of the Peacemakers' Court.

[2] The only remaining questions are whether the maintenance of
the action is barred, whether the cause of action has been released,
and whether the judgment of the Peacemakers' Court was rendered in
conformity with the Indian Law enacted by the state Legislature.
The defendants pleaded and proved as a bar to this action a judgment
of the council of the Seneca Nation of Indians rendered on the 23d
day of March, 1888, on an appeal taken to said council in an action
brought in the Peacemakers' Court, wherein this plaintiff and one
Rose Silverheels were plaintiffs and Emeline Jimeson was defendant,
for the recovery of the same property, and in and by which it appears
that on said appeal said council assumed to create and appoint a Ref-
eree's Court, and which judgment purports to be based on the report
of the Referee's Court so appointed, and in and by said judgment said
council undertook to adjudge that the plaintiffs in that action should
pay to the estate of one Mary Paterson the sum of $350, which the
court found had been paid to the plaintiffs by her "before they entered
any proceeding for the same cause upon the estate." It was stipulated
upon the trial that the amount decreed by said judgment to be paid by
the plaintiff and said Rose Silverheels to the estate of Mary Paterson
had not been paid. I am of opinion that this action was not barred
by said judgment of the council of the Seneca Nation of Indians.
That was rendered long prior to the commencement of the action by
the plaintiff in the Peacemakers' Court upon which this suit is based.
The judgment of the Peacemakers' Court rendered in the former ac-
tion has not been proved; but it appears by the record of the pro-
ceedings of the Peacemakers' Court in the action on the judgment on
which this suit is based that in said former action the Peacemakers'
Court awarded possession of the premises to the plaintiff. It also ap-
pears that the validity and effect of the former judgment of the coun-
cil of the Seneca Nation of Indians was fully presented to and liti-
gated before the Peacemakers' Court in the later action to enforce
the judgment in which this suit is brought. My attention has not
been called to any statute, and I have been unable to find any, confer-
ring authority upon the council of the Seneca Nation of Indians on
an appeal to appoint referees or to create a Referee's Court and ren-
der judgment on the report of the referees or the Referee's Court;
nor has attention been drawn to any statute conferring jurisdiction
on the Seneca Nation of Indians on an appeal to enter judgment, in
effect, enjoining the bringing of an action. It appears that the Peace-
makers' Court on the trial of the action to enforce the judgment in
which this suit is brought, on full presentation of the facts and ob-
jections to the maintenance of that action based on the former judg-
ment, to which reference has been made, and of various other objec-
tions to the validity of the former judgment of the council of the
Seneca Nation of Indians, overruled the objections to the mainte-
nance of the action, and by the affirmance of the judgment by the
council of the Seneca Nation of Indians on the appeal it must, so far
as this court is concerned, be presumed that it was adjudged that the

former judgment was invalid, and was not a bar to the maintenance of the later suit.

[3] The defendants make the further objection that the judgment of the Peacemakers' Court has not been properly proved. It appears that the original record of that judgment has been lost, but the judgment has been satisfactorily proved by parol evidence and by the subsequent judgment on the remittitur. There is much force in the contention of counsel for the plaintiff that it is the judgment of the Peacemakers' Court rendered on the remittitur from the council of the Seneca Nation of Indians that he is seeking to enforce. That judgment appears to be in proper form, and the original judgment signed by all the members of the Peacemakers' Court was proved in evidence, as was also the record of the Peacemakers' Court into which it was copied. The only defect that appears to me in the proof is the failure to prove the original judgment on the appeal rendered by the council of the Seneca Nation of Indians; but the plaintiff has proved all records that are in existence, so far as could be ascertained by diligent search and inquiry, and I am of opinion that he has sufficiently established his right to maintain the action.

[4] The defendants also pleaded and proved a release executed by the plaintiff on the 27th day of October, 1882, entered in the Indian Record Book, in and by which, in consideration of the payment to him of $300 by Mary S. Paterson, who it appears by other evidence was his grandmother, he released all his interest in the estate of his mother, Louisa Redeye, then deceased. The validity and effect of that release could have been, and should have been litigated in the action in the Peacemakers' Court upon which this action is based if the defendants claim anything by virtue of it, and it constitutes no bar to this action.

It follows that the plaintiff is entitled to judgment confirming the judgment of the Peacemakers' Court on the remittitur from the council of the Seneca Nation of Indians on the appeal, and for the enforcement of the said judgment by the delivery of the possession of the property to him, together with costs of the action to be taxed.

Judgment accordingly.